IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE THE MATTER OF:

RICHARD A. KENT, *Petitioner/Appellee,*

*v.*

CHRISTINE CARTER-KENT, *Respondent/Appellant.*

No. 1 CA-CV 13-0067
FILED 07-29-2014

Appeal from the Superior Court in Maricopa County
No.  FC2007-008845
The Honorable Daniel J. Kiley, Judge
The Honorable Michael R. McVey, Judge (retired)

**AFFIRMED**

COUNSEL

Burt & Feldman, Scottsdale
By Sandra Burt
*Co-Counsel for Petitioner/Appellee*

Law Office of Melinda K. Cekander, Flagstaff
By Melinda K. Cekander
*Co-Counsel for Petitioner/Appellee*

Law Office of Scott E. Boehm, P.C., Phoenix
By Scott E. Boehm
*Co-Counsel for Respondent/Appellant*

The Cavanagh Law Firm, Phoenix
By Christina S. Hamilton
*Co-Counsel for Respondent/Appellant*

---

## OPINION

Judge Jon W. Thompson delivered the opinion of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**T H O M P S O N**, Judge:

**¶1** This action arises from the family court's valuation of Richard E. Kent's (Husband's) interest in his law practice. Christine Carter-Kent (Wife) appeals from a post-dissolution ruling denying her motion for new trial. Finding no abuse of discretion or legal error, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** After fifteen years of marriage, Husband petitioned for dissolution. Husband is an attorney and fifty percent shareholder in Kent & Wittekind, P.C. (Law Firm).

**¶3** Throughout this protracted litigation, the parties disagreed concerning the valuation of the community's interest in Law Firm and in a $1,447,500 settlement obtained by Law Firm (the Turner Litigation Proceeds or TLP). In the parties' joint pre-trial statement, Wife addressed the disposition of the TLP and the Law Firm valuation as two separate issues**.**

**A. The Trial**

**¶4** During a two-day trial, each party presented expert testimony concerning the valuation of the community's interest in Law Firm. Wife's expert, Lynton Kotzin, valued the parties' interest in Law Firm at $920,350, and Husband's expert, Frank Pankow, valued the interest at $701,000.

2

¶5          The family court awarded Husband his interest in Law Firm in a post-trial minute entry order. It also granted Wife's ensuing Rule 83(A) motion on the failure to allocate the net TLP, and ordered "that the Kimberly Kent litigation proceeds [TLP] be divided as a community asset." At the evidentiary hearing on this issue, Kotzin testified that Wife would be entitled to some value of the TLP, while Pankow asserted that it had no value.

¶6          On August 29, 2009, the family court found that each party was entitled to twenty-five percent "of the net proceeds recovered" by Law Firm, i.e., "gross proceeds less actual incremental expenses incurred both before . . . and after the date of valuation." Husband unsuccessfully moved to alter or amend the judgment on the ground that Wife should be liable for costs associated with other contingency fee cases.

## B.  The Decree

¶7          On October 6, 2009, the family court signed a Decree awarding Husband all right and interest in Law Firm, and awarded Wife a $460,000 "equitable offset." The Decree characterized the TLP as an asset of Law Firm and reserved jurisdiction "to determine . . . the community's interest in . . . the [TLP] . . ." and to determine Law Firm's value in light of the TLP and Law Firm's associated costs.

## C.  The Amended Decree

¶8          Wife moved to amend the Decree in order to reduce the $460,000 equitable offset to a judgment, and argued that the community interest in Law Firm's value was considered separately from the community's interest in the TLP. Husband objected that the Decree reserved jurisdiction to determine whether the valuation of Husband's interest in the Law Firm "should be adjusted." But Wife contended that the prior ruling granted a new trial on the limited issue of the TLP only, and that ruling did not affect the finality of its determination that Wife was entitled to recover $460,000.

¶9          The family court accepted Wife's argument, and amended the Decree by deleting the equitable offset and granting her a judgment "for her community interest in the law firm" in the amount of $460,000 (the Judgment). After filing an appeal, which he later dismissed, Husband began to make payments to satisfy the Judgment.

¶10          Wife moved several months later to resolve outstanding issues concerning the TLP, including the amount owed to Wife under the

August 29, 2009 order.  Husband countered that the TLP was a Law Firm asset, and the parties' interests in Law Firm had been finally resolved in an unappealed judgment.  He also claimed that the family court lacked jurisdiction over Law Firm, a non-party, and moved to vacate the evidentiary hearing.  At this point, Wife conceded that the TLP belonged to Law Firm, but argued that she was entitled to judgment for twenty-five percent of the TLP.

## D.  The Motion for New Trial

¶11         On June 1, 2012, the family court granted Husband's motion to dismiss, explaining that the August 29, 2009 order should not be given effect because it purported to assert jurisdiction over Law Firm, a non-party, and declining Wife's request to follow that order's "methodology" in valuing the TLP.  Wife unsuccessfully moved for a new trial/reconsideration under Rule 83(A)(6) of the Arizona Rules of Family Law Procedure, contending that she had been deprived of her right to "collect her fair share" of Law Firm's value.

¶12         In denying the motion, the family court explained that Wife was not entitled to change her position and claim that the proceeds were a component of Law Firm's value.  Wife appeals from the denial of this motion.[1]  We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) § 12-2101(A)(1) (Supp. 2013).

## DISCUSSION

## A.  Wife's TLP Claim is Barred

¶13         Wife appeals only from the denial of a motion for new trial, and we review rulings on the issues raised in that motion for abuse of discretion.  *See Ariz. Mgmt. Corp. v. Kallof*, 142 Ariz. 64, 66-67, 688 P.2d 710, 712-13 (App. 1984); *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10, 222 P.3d 909, 912 (App. 2009).

¶14         The relief Wife seeks is compensation for her equitable interest in the "community's . . . increased value of Husband's law firm."  She now characterizes the TLP as a valuation component of Law Firm which remains in the family court's jurisdiction to award.  According to

---

[1] Prior to our conference and oral argument in this matter, Wife filed an unopposed motion for an extension of time to file her reply brief.  We have considered the matters set forth and argued in the reply.

Husband, however, the family court has already compensated Wife for her community share of Law Firm in the Amended Decree.

**¶15** We interpret a decree according to its natural and legal import. *Lopez v. Lopez*, 125 Ariz. 309, 310, 609 P.2d 579, 580 (App. 1980). In addition, we construe a decree provision in a manner that would not render any other part meaningless. *Cohen v. Frey*, 215 Ariz. 62, 66, ¶ 12, 157 P.3d 482, 486 (App. 2007).

**¶16** The amended Decree awards Wife a $460,000 judgment for her community interest in Law Firm. It also purports to reserve jurisdiction

> to determine the extent and apportionment of the community's interest in Husband's shareholder interest in [Law Firm's] interest in the net proceeds from the Turner/Kent litigation, and to determine whether the Court's valuation of Husband's interest in [Law Firm] should be adjusted as a result of the valuation's inclusion and consideration of the firm's costs related thereto. Said determinations will be made pursuant to a separate Order of the Court following the evidentiary hearing thereon.

**¶17** This provision attempting to reserve jurisdiction,[2] along with a footnote stating that the TLP is a Law Firm asset and reiterating the reservation of jurisdiction, appeared in the Decree prior to amendment and was premised on the assumption that the family court would revisit

---

[2] In her second supplemental citation of authorities, Wife cites four Arizona cases in support of her position at oral argument that the trial court properly "reserved jurisdiction" to determine the increased value of the community's interest in Law Firm due to the TLP after the entry of the Decree. Three of the cases, *Johnson v. Johnson*, 131 Ariz. 38, 41-42, 638 P.2d 705, 708-09 (1981), *Boncoskey v. Boncoskey*, 216 Ariz. 448, 452, 167 P.3d 705, 709 (App. 2007), and *Hetherington v. Hetherington*, 220 Ariz. 16, 19, 202 P.3d 481, 484 (App. 2008), involve pension issues and discuss the present cash value method vs. the reserved jurisdiction method of apportioning pensions. The fourth case, *Spector v. Spector*, 23 Ariz. App. 131, 141, 531 P.2d 176, 186 (1975), is discussed *infra* at paragraph 18.

the valuation of Law Firm and enter a separate order at that time. Wife's insistence on obtaining a $460,000 judgment has now changed the equitable offset in the initial Decree into an adjudication on Law Firm's value. That Judgment is final and unappealed, and Wife is judicially estopped from seeking further compensation for the value of TLP, a Law Firm asset. *See Mecham v. City of Glendale*, 15 Ariz. App. 402, 404, 489 P.2d 65, 67 (App. 1971) (litigant who assumes one position and obtains relief on the basis of it is estopped from assuming a contrary position).

¶18 Arizona Revised Statutes § 25-327(A) (2007) contemplates finality with regard to property disposition in divorce cases: "The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." Wife, however, contends that *Spector*, 23 Ariz. App. 131, 531 P.2d 176, authorized the judge to grant her a judgment regarding the value of the law firm while leaving for future determination the extent of her interest in the TLP. *Spector* was a divorce case where husband had been a lawyer in a partnership with another lawyer. *Id.* at 141, 531 P.2d at 186. Prior to the divorce, the law partnership was dissolved and litigation over the firm's "financial affairs" ensued. *Id.* The law firm litigation was still going on at the conclusion of the divorce trial, "making a determination of the extent of the community interest in the firm impossible to determine." *Id.* The trial court entered a Rule 54(b) judgment as to "all property and financial issues except equitable division of the community interest of the parties, if any, in the . . . law partnership." The *Spector* court wrote:

> The court reserved jurisdiction to determine and apportion their interest after the final determination of the Spector-Johnson lawsuit. We find no error in this procedure. Rule 54(b) of the Rules of Civil Procedure allows the trial court to enter judgment in fewer than all of the claims presented. Clearly the disposition of these assets must await the outcome of the Spector-Johnson suit, while all other issues are resolved by the judgment in this one.

*Id.* at 141, 531 P.2d at 186.

¶19 Here, unlike in *Spector*, no procedural rule could authorize a partial judgment. There was no separate claim. *See* Ariz. R. Civ. P. 54(b) ("the court may direct the entry of final judgment as to one or more but

fewer than all of the *claims . . . .*”) (Emphasis added); (*accord* Ariz. R. Fam. L. P. 78(B)). Wife took the position that she had a separate entitlement to a separate community asset (the TLP). But Wife's prospective entitlement regarding the TLP was only in relation to the Law Firm's valuation – the TLP was not a community asset subject to division. *See Steinfeld v. Copper State Mining Co.*, 37 Ariz. 151, 160, 290 P. 155, 163 (1930) (”[a] stockholder has no right, title or interest in the assets of a corporation. The property belongs to the corporation.”). *See also Marriage of Goldstein*, 120 Ariz. 23, 24, 583 P.2d 1343 (1978) (value of individual assets is included in the value of a corporation).

**¶20** Moreover, Wife is not entitled to use her motion for new trial as a vehicle for a revaluation of Law Firm, because that remedy was not at issue in the underlying order. That order, filed on June 1, 2012, did not value Law Firm, revalue Law Firm, or address the propriety of revaluing Law Firm. Instead, the order rejects Wife's interpretation of the August 29, 2009 order, concludes that the August 29, 2009 order improperly ordered Law Firm to divide the TLP, and distinguishes *Garrett v. Garrett*, 140 Ariz. 564, 683 P.2d 1166 (App. 1983). Wife's position was that she was entitled to a share of TLP “in addition to her one-half share of the value of Husband's law practice.” Accordingly, Wife waived the law firm revaluation issue by raising it for the first time in her motion for new trial challenging that order. *See Conant v. Whitney*, 190 Ariz. 290, 293-94, 947 P.2d 864, 867-68 (App. 1997) (holding that a party cannot raise a new argument in a motion for new trial).

**¶21** Our holding obviates the need to address Husband's argument that the TLP had no value as of the December 31, 2007 valuation date.

## B. Res Judicata Did Not Attach to the August 29, 2009 Order

**¶22** Wife nevertheless contends that the family court erroneously failed to give effect to the earlier August 29, 2009 order awarding her twenty-five percent of the TLP, because that order became “final” and res judicata as to that order's methodology upon entry of the Decree. We assume, without deciding, that Wife has preserved this issue.

**¶23** Under the res judicata doctrine, “a final judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same claim.” *Dressler v. Morrison*, 212 Ariz. 279, 282, ¶ 15, 130 P.3d 978, 981 (2006). Contrary to Wife's assertion, the August 29, 2009 order was not “final” because it did not resolve all issues

before the family court. Moreover, that order did not become final upon entry of the October 6, 2009 Decree. When entered, the Decree (1) did not yet contain an award of attorneys' fees, and (2) expressly reserved jurisdiction as noted above. Further, the Decree still made reference to an "equitable offset." It follows that the August 29, 2009 order did not become final upon entry of the Decree, because the Decree itself was not yet final, and accordingly Husband was not required to challenge the August 29, 2009 order by taking an immediate appeal from the Decree. The final Decree entered by amendment February 12, 2010, which gave Wife the $460,000 judgment no longer involved any properly reserved jurisdiction regarding the TLP.

**¶24** Res judicata is also inapplicable because Wife was not seeking to enforce the August 29, 2009 order; rather, she was asking the family court to change it. In her new trial motion, Wife disavowed any suggestion that "the marital community has a direct claim on the net proceeds recovered by the law firm," but argued that the "defect in the original remedy" did not merit dismissal and asked the family court to apply the August 29, 2009 order's "methodology" to divide the TLP. Because Wife in her new trial motion sought a remedy other than an award of a twenty-five percent interest in the TLP, res judicata does not apply to the August 29, 2009 order. Furthermore, because the August 29, 2009 order was not final, the family court judge or a successor judge could reconsider it. *See State v. King*, 180 Ariz. 268, 279, 883 P.2d 1024, 1035 (1994). Our holding obviates the need to address the parties' remaining arguments.

**CONCLUSION**

**¶26**      We affirm the family court's denial of Wife's motion for new trial. After considering the reasonableness of the parties' positions and their resources, we deny both parties' requests for attorneys' fees on appeal in the exercise of our discretion under A.R.S. § 25-324(A) (Supp. 2013). Husband is entitled to his costs on appeal contingent upon his compliance with Rule 21(b) of the Arizona Rules of Civil Appellate Procedure.



Ruth A. Willingham · Clerk of the Court
FILED: gsh