NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JUSTIN FRENCH, *Petitioner/Appellant*,

*v.*

ARIEL MORIN, *Respondent/Appellee*.

No. 1 CA-CV 16-0688 FC
FILED 10-24-2017

Appeal from the Superior Court in Maricopa County
No. FC 2013-008473
The Honorable Joseph P. Mikitish, Judge
The Honorable Carolyn Passamonte, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Law Office of Judith E. Abramsohn, Phoenix
By Judith E. Abramsohn
*Co-Counsel for Petitioner/Appellant*

Singer Pistiner P.C., Scottsdale
By Jason Pistiner, Robert S. Singer
*Co-Counsel for Petitioner/Appellant*

Martinez Law Offices, Phoenix
By Elizabeth J. Martinez
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Margaret H. Downie joined.

---

**C A M P B E L L**, Judge:

**¶1** Justin French ("Father") appeals the family court's ruling denying his request to modify parenting time, child support, and other rulings regarding Father's paternal family.[1] We affirm the court's rulings on all issues except for its modification of child support and vacate and remand that portion of the ruling.

**FACTS AND PROCEDURAL BACKGROUND[2]**

**¶2** In 2013, Father petitioned for paternity, legal decision-making authority, parenting time, and child support regarding his two children in common with Ariel Morin ("Mother").[3] Father also moved for temporary orders, including an order barring contact between the children and paternal grandfather. In a prehearing statement, Father argued that despite his objections, Mother permitted Paul French, the paternal grandfather and his wife, Joelle French, the "step-grandmother" (collectively, the "Grandparents"), to have contact with the children. Father argued it was not in the best interests of the children for "visitation to continue without his consent" because of the paternal grandfather's history of domestic abuse and alcoholism.

---

[1] Father also appeals the family court's denial of his motion for a new trial or to alter or amend the judgment.

[2] We view the evidence in the light most favorable to upholding the family court's decision. *Baker v. Meyer*, 237 Ariz. 112, 113, ¶ 2 (App. 2015).

[3] Mother and Father were not married. Pursuant to stipulation, the court found that Father was the natural father of the children.

¶3         The family court issued temporary orders. As relevant to this appeal, the family court made best interests findings, *see* Ariz. Rev. Stat. ("A.R.S.") § 25-403 to –403.05, granted Father and Mother joint legal decision making, ordered Mother would be the primary residential parent, and awarded Father weekend parenting time. The family court ordered Father to pay $595 per month in child support. Additionally, the family court ordered that neither Father nor Mother "shall allow paternal grandfather to have contact with the children pending further order of the court."

¶4         The family court subsequently entered a stipulated order, awarding the same legal decision making and child support set forth in the temporary orders. The stipulated order modified Father's weekend parenting time and gave Father the option of an additional midweek hour and a half visitation, if he met certain conditions. The order also stated "[n]either party shall allow paternal grandfather to have contact with the children."

¶5         A year later, Grandparents petitioned for visitation rights under A.R.S. § 25-409 (third party rights). Father moved for summary judgment, which the family court granted. It found Father had established visitation with Grandparents was not appropriate or in the best interests of the children. The family court allowed Grandparents to continue as intervenors for the limited purpose of addressing "any proposed restriction" on their access to the children.

¶6         Additionally, Father petitioned to modify parenting time and child support, and asked the court to enter additional restrictions on paternal family's access to the children. Father argued Mother continued to "foster" and "permit[]" contact between step-grandmother and the children. He asked the court to ban all contact between the children and step-grandmother or any member of Father's family, without his consent. He also requested equal parenting time and a decrease in child support. Mother filed a response and counter-petition, seeking to lift the order banning paternal grandfather from contact with the children.

¶7         The family court held an evidentiary hearing. It found no material change affecting the welfare of the children with the exception of child support. Specifically, the court stated there was no "substantial or continuing change of circumstances warranting a change in decision making, parenting time, or other orders of the court other than child support." Accordingly, the court increased Father's child support. Father

filed a motion for a new trial or to alter or amend the judgment, *see* Ariz. R. Fam. Law P. 83, which the court denied. Father timely appealed.[4]

## DISCUSSION

### I.  Material Change Requirement

**¶8**      Father argues the material change in circumstance requirement was inapplicable to his request to modify parenting time and restrict step-grandmother's access to the children. He argues the family court "us[ed] an incorrect measure of law" when it found there had been no material change in circumstances affecting the children and therefore it need not make best interests findings. Father asks this court to abandon the requirement of a change in circumstance prior to modification and find that a best interests analysis is automatically required if a party is only seeking modification of an existing order and not a change in "custody."[5]

**¶9**      We review an order regarding modification of parenting time for an abuse of discretion, but review de novo issues of law. *See Baker v. Meyer*, 237 Ariz. 112, 116, ¶ 10 (App. 2015). To modify a custody or parenting time order, the family court must determine that there has been a "material change in circumstances affecting the welfare of the child." *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17 (App. 2015) (court did not err in finding no material change warranting modification of legal decision making or parenting time) (citing *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994)); *see also Pridgeon v. Super. Ct.*, 134 Ariz. 177, 179 (1982). Only if the family court has found that there has been a material change in circumstances does it then proceed to analyze best interests. *See Christopher*

_____

[4] Mother argues that Father has waived any arguments not raised in his motion for a new trial or to alter or amend the ruling. Mother is incorrect. The family court entered its ruling on July 14, 2016. Father filed a timely time extending "Motion For New Trial or Altered/Amended Judgment Regarding Under Advisement Ruling Filed 07/14/2016." *See* ARCAP 9(e)(1)(C). The family court issued a signed ruling denying the motion filed on September 29, 2016. Father filed a timely notice of appeal on October 26, 2016, in which he appealed from the family court's ruling and the denial of his motion for a new trial or amendment of the judgment. *See id.*

[5] The Legislature amended Title 25 in 2012 and changed the term "custody" to "legal decision-making and parenting time." 2012 Ariz. Sess. Laws, ch. 309, §§ 4, 5 (2nd Reg. Sess.); *see also Baker*, 237 Ariz. at 114 n.2, ¶ 7.

*K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15 (App. 2013) ("If the court finds [a material] change in circumstances, it must then determine whether a change in custody would be in the child's best interests."). The family court has broad discretion to determine whether there has been a material change in circumstance. *Canty*, 178 Ariz. at 448.

**¶10** After a hearing, the family court found there had been no material changes in circumstances affecting the welfare of the children "since the time of the [prior] existing [o]rders." This included the children having access to step-grandmother. Specifically, the court found that step-grandmother had never been identified as a threat to the children, and "there is no assertion that [she] is a threat to the children." Father argues that A.R.S. § 25-411(L) (court shall deny motion to modify legal decision making or parenting time unless it finds adequate cause for hearing) does not apply and therefore the court should have proceeded directly to a best interests analysis. While we agree that A.R.S. § 25-411(L) requires an "adequate cause" showing before the court will set a hearing on a petition to modify parenting time, *see Pridgeon*, 134 Ariz. at 180-82 (interpreting predecessor statute to A.R.S. § 25-411(L)), once a court holds a hearing, that provision has been satisfied and does not apply to the court's analysis or findings following the hearing. Instead the court must decide whether there has been a change in circumstance such that a new best interests of the child analysis is necessary. Father is therefore incorrect in concluding that the material change requirement does not apply in modification proceedings.

**¶11** The requirement that the family court make a finding of material change before modifying its prior orders is required by case law, not statute. *Hendricks v. Mortensen*, 153 Ariz. 241, 243 (App. 1987) ("Although our statutes do not require that there be a showing of change in circumstances materially affecting the welfare of the child in order to modify a custody decree, our case law does require such a showing." (citing *Johnson v. Johnson*, 13 Ariz. App. 574 (1971))); *see also Owen v. Blackhawk*, 206 Ariz. 418, 422 (App. 2003) (court required to find material change before modifying custody order and parenting time but erred in finding evidence of material change based on mother's intent to move out of state only if court permitted child to move). This is because the court has already conducted a best interests analysis and entered findings in the original order.

**¶12** Here, the family court previously undertook a best interests analysis and entered findings. *See supra* ¶ 3. If a parent cannot show a "material change" in circumstance, the prior best interests findings remain the law of the case. This is in accordance with the purpose of specific best

interests findings. *See Gutierrez v. Fox*, 242 Ariz. 259, 267-68, ¶ 34 (App. 2017) (section 25-403 requirement of specific best interests findings, including court's reasoning, "exists" to aid appellate review and to aid parties and family court in determining best interests of a child "both currently and in the future") (citation omitted).

¶13        Accordingly, the family court did not err in applying the material change standard to Father's requested modifications.[6] Because Father does not challenge its findings of no material change, we affirm its rulings as to parenting time and the denial of the restriction on step-grandmother's visitation.

## II.    Paternal Family

¶14        Father argues that the family court erred when it denied his request for an order that "other" members of his family be permitted access to the children only with Father's consent. Reviewing the family court's ruling for an abuse of discretion, *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013) we reject this argument.

¶15        Father asked the court to enter a restriction on contact between the children and his extended family. Other than the paternal grandfather, the family court found no basis for expanding the contact restrictions to include all paternal family members. Father argues the court erred as a matter of law because it had the "authority" (a "basis") to enter such a ruling. A.R.S. § 25-403.02(D). Again, the court found Father failed to demonstrate a material change since its prior order regarding the children's access to extended family. *See supra* ¶ 10. Thus, Father failed to demonstrate that there had been a material change warranting modification of its prior order. Father additionally argues the family court's ruling on this issue was not in the best interests of the children. For the reasons discussed, the family court was not required to make best interests findings.

## III.    Grandparents' Intervenor Status

¶16        After the family court granted Father's motion for summary judgment on Grandparents' petition for grandparent visitation, the court ordered that Grandparents would retain intervenor status in relation to any

---

[6] Because we conclude the family court properly applied the material change requirement, we do not address Father's argument that, in addition to making best interests findings, the family court was required to evaluate Father's request to restrict step-grandmother's access through A.R.S. § 25-409(F) (court-ordered visitation by grandparent or great-grandparent).

proposed restrictions on access to the children by the Grandparents. Father argues the family court later erred when it permitted Grandparents to participate as parties in the modification hearing, despite having granted his motion for summary judgment. He asserts that their participation as parties was an "irregularity in the proceeding" that deprived him of a fair trial. Father did not raise this issue in the family court. Accordingly, it is waived and we do not address it. *Hahn v. Pima Cty.*, 200 Ariz. 167, 172, ¶ 13 (App. 2001) (failure to raise an issue at the trial level constitutes a waiver of the issue).

## IV.    Child Support Modification

**¶17**        Next Father argues the family court erred when it increased his child support obligation because the court used an incorrect income figure for Mother. We agree.

**¶18**        We review the family court's ruling modifying child support for an abuse of discretion. *Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 7 (App. 2015). The family court is required to determine child support in accordance with the Arizona Child Support Guidelines. A.R.S. § 25-320 app. ("Guidelines"). When applying the Guidelines, the family court is first required to determine the parties' gross income. *Milinovich*, 236 Ariz. at 615, ¶ 11. Here, the family court stated it had incorporated and adopted the findings set forth in the child support worksheet and found "[n]o deviation [was] appropriate." It attributed $1,395.33 to Mother and increased Father's child support to $835. The $1,395.33 attributed to Mother, however, is not supported by the record. Mother testified that her gross monthly income was $3,126. Mother additionally submitted a child support worksheet listing her gross monthly income as $3,126. The court's order does not explain how it determined that despite the evidence, Mother had only $1,395.33 in adjusted gross income.

**¶19**        Accordingly, we vacate the family court's child support order and remand for additional findings and calculation of child support.

## V.    Rule 83 Motion

**¶20**        Father argues the family court erred in denying his Rule 83 motion for a new trial or to alter or amend the judgment. We review the court's ruling on a Rule 83 motion for an abuse of discretion. *See Kent v. Carter-Kent*, 235 Ariz. 309, 312, ¶ 13 (App. 2014).

**¶21**        In his motion for a new trial, Father argued the family court should have granted relief under Rule 83 so it could consider "new

evidence" consisting of a ruling in another dissolution proceeding regarding a child that Father had with another parent.[7] In that matter the family court prohibited contact between that child and Grandparents based on a best interests analysis. Although Grandparents' access to the children was at issue in both cases, the family court's ruling involves a different child and mother and different evidence. Thus, the rulings are not "contradictory" nor do they contain "identical" issues. Accordingly, the family court did not abuse its discretion in denying Father's Rule 83 motion.

**CONCLUSION**

**¶22**        For the foregoing reasons, we affirm the orders of the family court, with the exception of the court's modification of child support. We remand for the family court to calculate child support consistent with this decision. We deny both parties' requests for attorney fees. We grant Father his costs on appeal contingent upon his compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[7] Father also argued the family court erred in calculating child support and in using the material change standard in denying his request to restrict step-grandmother's access to the children. Because we have already addressed those issues, *see supra* ¶¶ 8-13, 17-19, we do not address them here.