NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MICHELLE DAWN DOUROS,
*Petitioner/Appellee*,

v.

NEAL ANTHONY DOUROS,
*Respondent/Appellant*.

No. 1 CA-CV 20-0198 FC

FILED 2-16-2021

Appeal from the Superior Court in Maricopa County
No. FC2012-001355
The Honorable Justin Beresky, Judge

**AFFIRMED**

COUNSEL

Joseph M. Huey, PLC, Scottsdale
By Joseph M. Huey
*Counsel for Petitioner/Appellee*

Katz & Bloom, Phoenix
By Norman M. Katz
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**W E I N Z W E I G**, Judge:

¶1 Neal Douros ("Father") appeals the superior court's legal decision-making and parenting time orders and the denial of his motion for reconsideration. Because Father has shown no abuse of discretion, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 Father and Michelle Douros ("Mother") married in 2007 and divorced in 2013. They share two children who were minors at the time of divorce. A bench trial was needed to resolve several contested issues in the dissolution proceeding, including the issues presented here: parenting time and legal decision-making authority. Both parties presented evidence and argument. Mother accused Father of child abuse and offered an expert who testified that Father's parenting time should not be increased until he attends therapy and domestic violence classes. Based on the evidence presented, the court ordered the children to live with Mother in June 2013 and granted her sole legal decision-making authority. Father's parenting time was limited to two afternoons per week and one weekend day every other week, all without overnight parenting. The court ordered Father to attend and complete domestic violence counseling, parenting classes and individual counseling before the court would consider modifications.

¶3 Seven years later, in April 2019, Father petitioned to modify the legal decision-making and parenting time order, alleging he had complied with the superior court's prior order. Father wanted equal parenting time and joint legal decision-making authority.

¶4 The superior court held an evidentiary hearing on Father's petition in November 2019. Father testified on his own behalf. Asked about his compliance with the court's 2013 order, Father conceded he first sought individual counseling in August 2018—five years after the court ordered him to attend and complete such counseling—and just started attending domestic violence classes about three months earlier, completing only 10 of

28 sessions.  Father also emphasized that no child abuse accusations had been substantiated against him and complained that Mother had not consulted him about major decisions.  He agreed that a gradual increase in his parenting time would be appropriate.  Mother also testified.  She told the court that "Father is not capable of coparenting because his communications are aggressive, manipulative and controlling."  She also feared that Father might be inappropriate with the children.

**¶5**        The court ordered the children to be interviewed by Conciliation Services.  Neither child asked for more parenting time with Father.  One child requested more time with Mother, and the other child said the schedule was "good the way it is."

**¶6**        Based on the record accumulated before it, the superior court found a substantial and continuing change to increase Father's parenting time based on Father's substantial compliance with the court's June 2013 order.    The court thus increased Father's parenting time to include overnight visits.  The court, however, left Mother as the sole legal decision-maker.    The order included the required best-interests findings under A.R.S. § 25-403.

**¶7**        Father unsuccessfully moved for reconsideration, arguing, among other things, that Arizona law required he receive equal or near-equal parenting time under A.R.S. § 25-403.02.  The court reiterated that Father's parenting time had been increased, adding that Father's proposed modifications were not in the children's best interests and Arizona law does not require equal parenting time.  Father timely appealed.  We have jurisdiction.  *See* A.R.S. § 12-2101(A)(1), (B).

## DISCUSSION

**¶8**        We first stress our standard of review.  This court reviews the superior court's legal decision-making and parenting time orders for an abuse of discretion, *Kent v. Carter-Kent*, 235 Ariz. 309, 312, ¶ 13 (App. 2014), which occurs when the record, "viewed in the light most favorable" to affirming the orders, "is devoid of competent evidence to support the[m]." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (quoting *Fought v. Fought*, 94 Ariz. 187, 188 (1963)).  This court does *not* reweigh the evidence presented to the superior court, but instead defers to the court's "determinations of witness credibility and the weight given to conflicting evidence."  *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

**¶9**        Arizona law directs the superior court to "determine legal decision-making and parenting time, either originally or on petition for

modification, in accordance with the best interests of the child." A.R.S. § 25-403(A). "The court shall consider all factors that are relevant to the child's physical and emotional well-being," *id.*, including the legislature's non-exhaustive list of factors enumerated in sections 25-403(A) and 25-403.01(B). The superior court must include "specific findings on the record" about how its "decision is in the best interests of the child," A.R.S. § 25-403(B), and consider the "past, present and future abilities of the parents to cooperate in decision-making about the child to the extent required by the order of joint legal decision-making," A.R.S. § 25-403.01(B)(3).

¶10 Father contends the superior court abused its discretion by modifying his parenting time and legal decision-making authority "because the evidence supports the unrebutted presumption that such an order is in the children's best interests." He also contends that courts must grant equal parenting time under Arizona law "unless there is evidence that such is not in the children's best interests." For these arguments, Father relies on A.R.S. § 25-103(B)(1), which directs that "absent evidence to the contrary, it is in a child's best interest [t]o have substantial, frequent, meaningful and continuing parenting time with both parents." This court has held, however, that A.R.S. § 25-103(B)(1) "does not require equal parenting time," and the superior court still may "determine parenting time based on all the evidence before it." *Gonzalez-Gunter v. Gunter*, 249 Ariz. 489, 492, ¶¶ 11-12 (App. 2020).

¶11 Furthermore, the "record is not devoid of evidence" to support the court's orders, and the court included all required findings under A.R.S. §§ 25-403(A) and 25-403.01(B). Among other evidence, the court heard testimony that the children were bonded more closely with Mother and doing well with her. The children did not ask that Father receive more parenting time. One child wanted more parenting time with Mother. This evidence supports the superior court's conclusion that equal parenting time and joint legal decision-making would be contrary to the children's best interests. *See* A.R.S. § 25-103(B).[1]

## CONCLUSION

¶12 We affirm. Mother and Father seek an award of their attorney fees and costs on appeal under A.R.S. § 25-324 and ARCAP 21. Because neither party developed their argument, we exercise our discretion to deny

---

[1] Nor did the superior court abuse its discretion when it denied Father's motion to amend or reconsider, which mostly reiterated his earlier arguments. *See Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009).

both requests.  Mother is entitled to her reasonable costs on appeal upon compliance with ARCAP 21.

