NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

REVIVE CONSTRUCTION AND CLEANING, LLC, *Plaintiff/Appellant*,

*v.*

SHEA-CONNELLY DEVELOPMENT, LLC, *Defendant/Appellee*.

No. 1 CA-CV 21-0133
FILED 12-28-2021

Appeal from the Superior Court in Maricopa County
No.  CV2018-093863
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Zazueta Law PLLC, Scottsdale
By Fabian Zazueta, Garrett Respondek
*Co-Counsel for Plaintiff/Appellant*

Degnan Law PLLC, Phoenix
By Mark W. Horne, David Degnan
*Co-Counsel for Plaintiff/Appellant*

DKL Law PLLC, Tempe
By David W. Lunn, Kathryn A. Lunn
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**B A I L E Y**, Judge:

¶1        Revive Construction and Cleaning, LLC ("Revive") appeals the judgment the superior court entered in favor of Shea-Connelly Development ("SCD") for breach of contract. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        SCD contracted with Revive to perform work on two construction projects, the Morningstar building in Glendale ("Glendale Project") and the Park Place apartment complex in Fountain Hills ("Park Place Project"). After SCD became dissatisfied with Revive's work on the Park Place Project, it withheld payment on four invoices and terminated both contracts.

¶3        Revive filed a complaint with the Registrar of Contractors ("ROC") seeking payment of the four invoices. After a hearing, an Administrative Law Judge ("ALJ") found that SCD violated the Arizona Prompt Pay Act, *see* Ariz. Rev. Stat. ("A.R.S.") §§ 32-1181 to -1188; *see also* A.R.S. § 32-1154(A)(10), (12), by failing to pay the four invoices, which totaled $68,783.25. The ALJ made no findings on SCD's allegations of faulty work. The ALJ recommended the ROC suspend SCD's license unless SCD provided documentation that it paid Revive on the four invoices. The ROC adopted the ALJ's recommendation, and the superior court and the court of appeals affirmed the ROC order. *See Shea Connelly Dev. LLC v. Ariz. Registrar of Contractors* ("*Shea Connelly*"), 1 CA-CV 19-0718, 2020 WL 6503616 (Ariz. App. Nov. 3, 2020) (mem. decision).

¶4        Revive then sued SCD seeking further payment on the Glendale Project. SCD counterclaimed to recover the amounts it paid on the Glendale Project and for damages it incurred in repairing Revive's faulty work on the Park Place Project.

¶5        Revive moved to dismiss SCD's counterclaim, arguing the ROC's decision precluded SCD from litigating whether Revive performed

faulty work on the Park Place Project. The superior court denied the motion, reasoning the ROC did not decide that issue. At a bench trial, the court denied Revive's motion for a directed verdict and then found for SCD on its breach of contract claim related to the Park Place Project, awarding $57,400 in damages for the amounts SCD paid to repair Revive's defective work. The court denied both parties' claims related to the Glendale Project. The court awarded SCD its attorneys' fees and costs as the prevailing party and denied Revive's motions for new trial and reconsideration.

¶6        We have jurisdiction over Revive's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

¶7        Revive argues the superior court erred in (1) denying its motion to dismiss the counterclaim on the Park Place Project based on the preclusive effect of the ROC's order; (2) denying its motion for a directed verdict on SCD's counterclaim on the Park Place Project; (3) denying its motions for new trial and reconsideration seeking to reduce the judgment by setoff or recoupment; and (4) awarding attorneys' fees to SCD.

I.        Issue Preclusion

¶8        Revive argues the ROC found Revive did not perform faulty work and thus the ROC order precludes SCD's counterclaim on the Park Place Project.

¶9        We review *de novo* the superior court's application of issue preclusion. *Crosby-Garbotz v. Fell*, 246 Ariz. 54, 56-57, ¶ 9 (2019) (citation omitted). Issue preclusion applies when a fact "was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment." *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986) (citations omitted). Courts may apply issue preclusion to a decision of an administrative agency when the agency is acting in a judicial capacity and that decision resolves issues of fact "which the parties have had an adequate opportunity to litigate." *Campbell v. Superior Court*, 18 Ariz. App. 287, 290 (1972) (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966), *superseded by statute on other grounds as recognized in Essex Electro Eng'rs, Inc. v. United States*, 702 F.2d 998, 1002 n.7 (Fed. Cir. 1983)); *see also J.W. Hancock Enters., Inc. v. Ariz. State Registrar of Contractors*, 142 Ariz. 400, 410 (App. 1984) (holding that an ROC finding that the contractor was

required to install insulation precluded the contractor from bringing a declaratory judgment action on that question).

¶10 Here, the ROC did not assess the quality of Revive's work on the Park Place Project. It concluded only that SCD violated the Arizona Prompt Pay Act by withholding payment on the four invoices. In that proceeding, the ROC did not permit SCD to litigate its allegation that Revive's work was faulty. Moreover, the Prompt Pay Act is designed to ensure subcontractors are paid for the work performed, but the general contractor "retains all civil remedies for breach of contract and tort claims against a [sub]contractor" and prompt payment is not "conclusive that the work was properly performed." *Stonecreek Bldg. Co. v. Shure*, 216 Ariz. 36, 40, ¶ 18 (App. 2007) (citation omitted). For this reason, the superior court properly declined to apply issue preclusion.

II.     Motion for a Directed Verdict

¶11 Revive argues the superior court erred in denying its motion for a directed verdict on SCD's counterclaim related to the Park Place Project.

¶12 A superior court may grant a motion for a directed verdict "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990). We review the court's ruling on a motion for directed verdict *de novo*. *Warne Invs., Ltd. v. Higgins*, 219 Ariz. 186, 194, ¶ 33 (App. 2008). We view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted).

¶13 Through testimony at trial, SCD presented substantial evidence to support its claim that Revive's work on the Park Place Project was faulty. Steve Shea, the former construction manager for SCD, testified that Revive did not properly supervise its employees on the Park Place Project, that SCD had to send in its own supervisors to manage Revive's work, and that Revive's work was not done according to the contract's specifications. SCD's owner, Bart Shea, testified that Revive did not follow SCD's instructions for placement of walls and size of cabinets, and that Revive's work did not pass inspections. Based on this testimony, the court properly denied Revive's motion for a directed verdict.

III.     Setoff or Recoupment

**¶14**        After the trial, Revive moved for a new trial and for reconsideration, arguing for the first time that the judgment against it should be reduced by the amount the ROC ordered SCD to pay on the four invoices.    The superior court denied the motions, reasoning that recoupment or setoff did not apply because the ROC order was not relevant to the judgment.

**¶15**        Revive waived its right to recoupment or setoff by failing to raise this argument until its motion for a new trial.  *See Conant v. Whitney*, 190 Ariz. 290, 293-94 (App. 1997) (holding that arguments raised for the first time in a motion for new trial are waived absent extraordinary circumstances (citations omitted)); *Kent v. Carter-Kent*, 235 Ariz. 309, 313, ¶ 20 (App. 2014) (holding that a party could not raise a new issue in its motion for a new trial).  Although Revive argued our decision in *Shea Connelly* was new evidence that put the recoupment defense at issue, our decision simply affirmed the ROC order as it existed at the time of trial.  If the party knew about the evidence at the time of trial, the evidence is not newly discovered.  *See Black v. Black*, 114 Ariz. 282, 285 (1977).  Accordingly, Revive waived its right to seek recoupment or setoff.

IV.     The Superior Court's Award of Attorneys' Fees

**¶16**        Revive argues the court should have considered the ROC order when it determined the prevailing party and awarded attorneys' fees. We review an award of attorneys' fees for an abuse of discretion and "will not disturb the trial court's discretionary award of fees if there is any reasonable basis for it." *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18 (App. 2004) (citations omitted).  Because the superior court found SCD prevailed on its counterclaim and found that Revive was not entitled to recover on its Glendale Project claim, the court did not abuse its discretion in awarding attorneys' fees to SCD as the prevailing party.

V.     Attorneys' Fees on Appeal

**¶17**        We award SCD its reasonable attorneys' fees under A.R.S. § 12-341.01 and taxable costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

**¶18**       For the reasons stated above, we affirm the superior court's judgment.

