[No. A026767. First Dist., Div. Five. Oct. 2, 1984.]

SANDRA SUE LOCKWOOD et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

668

**COUNSEL**

John M. Wadsworth, Gregory H. Saldivar and Baker, Brauer, Saldivar & Postelle for Petitioners.

No appearance for Respondent.

Leo Himmelsbach, District Attorney, and Lane J. Liroff, Deputy District Attorney, for Real Party in Interest.

**OPINION**

**HANING, J.**—Sandra Sue Lockwood and Timothy Raymond Lockwood were accused by information of felony child abuse (Pen. Code, § 273a, subd. (1)) allegedly inflicted upon their young son. A juvenile court dismissed a dependency petition (Welf. & Inst. Code, § 300 et seq.) based on the same facts, and the Lockwoods moved to dismiss the criminal proceedings on the ground of collateral estoppel. Their motion was denied; this petition for an extraordinary writ followed. We issued an alternative writ of prohibition. We conclude that the Lockwoods' position has merit and that a peremptory writ of prohibition should issue.

The Lockwoods' son, then 11 months old, was brought to a hospital with a spiral fracture of his thigh bone. X-rays disclosed what could have been older, healing fractures of bones in both arms, and there were signs of burns on the child's arm and ankle. The Lockwoods initially stated that they had found the child injured in his crib, but later acknowledged that they had "grabbed the child by the limbs and jerked him in order to correct him from doing a behavior that they didn't go along with," and Mr. Lockwood stated that "he may have been too rough" but "that he's never tried or purposefully tried to hurt the child."

The juvenile probation department promptly filed a dependency petition under Welfare and Institutions Code section 300, subdivision (d), which alleged the described injuries "for which the parents have no reasonable explanation; therefore, said minor . . . resides within a home which is an unfit place for him by reason of cruelty."

Police then filed a felony complaint which alleged a violation by both parents of Penal Code section 273a, subdivision (1), in that "[t]he said defendant(s) under circumstances or conditions likely to produce great bodily harm or death, did wilfully cause and permit [the child] to suffer and did inflict on said child unjustifiable physical and mental pain, and while having the care and custody of said child, did wilfully cause and permit the person and health of said child to be injured, and did wilfully cause and permit said child to be placed in such situation that its person and health was endangered."

The dependency petition came to hearing first. There was a conflict of expert testimony as to the probable cause of the child's injuries: The doctors who initially saw him suspected child abuse; a doctor called on behalf of the Lockwoods testified that the empirical evidence was consistent with accident and disease.

The juvenile court ordered the dependency petition dismissed, expressly finding "that the major injury to the leg is not demonstrated by a preponderance of the evidence to have been an abuse" and that it could not conclude that "whatever is going on" in the child's arms "is . . . the result of an abuse by these parents." In essence the court resolved the evidentiary conflict against the allegations of the petition.

At preliminary examination the Lockwoods asserted but the magistrate rejected a collateral estoppel defense; the Lockwoods were held to answer and an information was filed. In respondent court the Lockwoods made a nonstatutory motion to dismiss the information on the collateral estoppel ground. A hearing was conducted at which the head of the district attorney's

juvenile bureau gave narrative testimony as to the nature of dependency proceedings and the district attorney's role in them. The Lockwoods' motion was denied; this writ petition followed.

■ Preliminarily the People argue that because the Lockwoods' collateral estoppel motion was not made until more than 60 days after they were arraigned, the Lockwoods are precluded by Penal Code section 1510 from obtaining pretrial review in this court. On its face section 1510 applies only to "[t]he denial of a motion made pursuant to [Penal Code] Section 995 or 1538.5 . . . ." The People concede that the Lockwoods' motion was nonstatutory (cf. *Murgia* v. *Municipal Court* (1975) 15 Cal.3d 286, 293-294 fn. 4 [124 Cal.Rptr. 204, 540 P.2d 44]; *People* v. *Sims* (1982) 32 Cal.3d 468, 474 fn. 3 [186 Cal.Rptr. 77, 651 P.2d 321]; *People* v. *McGee* (1977) 19 Cal.3d 948, 968 fn. 9 [140 Cal.Rptr. 657, 568 P.2d 382]), but argue that section 1510 should be construed to apply to all pretrial defense motions. We find the People's argument unpersuasive. Even were we inclined to do so we would not be empowered to rewrite the plain language of section 1510.

■ On the merits, the rulings below appear to have misconstrued the doctrine of collateral estoppel, which is an aspect of but by no means coextensive with the broader concept of res judicata. (Cf. *Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 874 [151 Cal.Rptr. 285, 587 P.2d 1098]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, §§ 197, 222, pp. 3335, 3357.) Where res judicata operates to prevent relitigation of a cause of action once adjudicated, collateral estoppel operates (in the second of two actions which do not involve identical causes of action) to obviate the need to relitigate issues already adjudicated in the first action. (Cf. generally 4 Witkin, Cal. Procedure, *supra,* Judgment, §§ 147, 148, 197, pp. 3292-3294, 3335-3336.) The purposes of the doctrine are said to be "to promote judicial economy by minimizing repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial system, [and] to protect against vexatious litigation." (*Clemmer* v. *Hartford Insurance Co., supra,* at p. 875; cf. *People* v. *Sims, supra,* 32 Cal.3d at pp. 488-489.) ■ Obviously, for the collateral estoppel doctrine to apply the issue must have been adjudicated in the first action; the cases and texts agree that there are three additional prerequisites: (1) The issue in the second action must be identical to the issue adjudicated in the first action; (2) the first action must have proceeded to a final judgment on the merits; and (3) the party against whom the collateral estoppel is to be asserted must have been a party, or in privity with a party, to the first action. (*People* v. *Sims, supra,* at p. 484; *People* v. *Taylor* (1974) 12 Cal.3d 686, 691 [117 Cal.Rptr. 70, 527 P.2d 622]; *Clemmer* v. *Hartford Insurance Co., supra*; 4 Witkin, Cal. Procedure, *supra,* Judgment, §§ 197-243, pp. 3335-3377.) ■ Collateral

estoppel may be invoked in a second action which is substantially different in nature from the first. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 603-604 [25 Cal.Rptr. 559, 375 P.2d 439] [criminal action followed by civil action]; *People* v. *Sims, supra,* at pp. 483-490 [administrative determination followed by criminal action].) "[T]he inquiry that must be made is whether the traditional requirements and policy reasons for applying the collateral estoppel doctrine have been satisfied by the particular circumstances of this case." (*People* v. *Sims, supra,* at p. 483, fn. omitted.)

■■■ In this matter the People agree the elements for collateral estoppel of final judgment in the first proceeding and identity or privity of parties are present, but contend that the issues to be decided in the criminal action differ from the issues adjudicated by the juvenile court. They argue that the criminal action "is not a relitigation of the issues presented at the [dependency] hearing, but is a parallel proceeding" with a wholly distinct purpose, and that "the Legislature intended that issues of dependency and of criminal liability be litigated separately."

It is true that the dependency proceeding and the criminal action had different purposes. (Cf. *In re La Shonda B.* (1979) 95 Cal.App.3d 593, 599 [157 Cal.Rptr. 280], with *People* v. *Ewing* (1977) 72 Cal.App.3d 714, 717 [140 Cal.Rptr. 299].) But these differences, while perhaps relevant to res judicata in the broad sense, are not necessarily dispositive of the collateral estoppel question.

The dependency petition focused on the child's parents and specifically alleged cruelty. The petition was framed in terms of the presumption of cruelty which arises under Welfare and Institutions Code section 355.3 "[w]here the court finds, based upon competent professional evidence, that an injury, injuries, or detrimental condition sustained by a minor, of such a nature as would ordinarily not be sustained except as the result of the unreasonable or neglectful acts or omissions of either parent, the guardian, or other person who has the care or custody of the minor . . . ." The narrow issue litigated in the dependency proceeding was whether the parents had cruelly inflicted the child's injuries upon him. The juvenile court expressly found no such abuse.

At no point in the criminal proceedings have the People suggested that they are pursuing any theory other than that the Lockwoods themselves wilfully injured their child. We conclude that the Lockwoods have sufficiently demonstrated identity of issues for purposes of collateral estoppel.

■■ ■■ Alternatively the People seek to invoke the rule that collateral estoppel should not be applied where relevant "new facts or changed cir-

cumstances have occurred since the prior decision . . . ." (*Melendres* v. *City of Los Angeles* (1974) 40 Cal.App.3d 718, 730 [115 Cal.Rptr. 409].) But the People do not tender "new facts or changed circumstances." Instead they point out that they have sought, unsuccessfully, to obtain new X-rays of the child in an attempt to obtain additional evidence to support their factual contention that the child's physical abnormalities were caused by wilful mistreatment. Pointing to the fact that under policies and procedural rules applicable to dependency proceedings the People were given minimal time to prepare their evidence for the dependency hearing, the People suggest that respondent court's ruling was an appropriate exercise of discretion in the circumstances.

The essence of the People's position appears to be that they should have been released from the operation of the collateral estoppel doctrine because they did not receive an adequate opportunity to litigate the issues in the first action. Such an argument should properly have been presented to the juvenile court in the course of the first action. To entertain the argument now would intolerably erode the policy purposes of the collateral estoppel doctrine.

The Lockwoods established all elements of a collateral estoppel. Their nonstatutory motion to dismiss the information, on that ground, should have been granted.

Let a peremptory writ of prohibition issue directing the Superior Court of Santa Clara County to take no further action in proceeding 89700, People of the State of California v. Sandra Sue Lockwood and Timothy Raymond Lockwood, other than to dismiss the said proceeding.

Low, P. J., and King, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied December 13, 1984. Kaus, J., and Lucas, J., were of the opinion that the petition should be granted.