**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2022[*]
Decided March 21, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1601

| | |
|---|---|
| ALAN M. LESCHYSHYN,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Northern District of<br>Illinois, Eastern Division. |
| *v.* | No. 17 C 1778 |
| ABBVIE INC., et al.,<br>    *Defendants-Appellees*. | Matthew F. Kennelly,<br>*Judge*. |

**O R D E R**

Alan Leschyshyn, a federal prisoner, brought claims as part of a multidistrict-litigation proceeding against AbbVie, Inc. and Abbott Laboratories (collectively, "AbbVie") for injuries allegedly caused by their testosterone-replacement-therapy drug,

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

AndroGel. Leschyshyn alleged that his use of AndroGel caused him to develop compulsive behaviors such as gambling and risk-taking, which in turn caused him to participate in financial crimes culminating in a 235-month prison sentence. The district court ruled that Leschyshyn's tort claims were barred by the applicable two-year statute of limitations, and that no theory of tolling could save his claims. We affirm.

Leschyshyn was first prescribed AndroGel in 2006 for low testosterone levels. He soon experienced behavioral changes, including compulsive gambling, risk taking, oversexualization, and overspending. He says he did not realize the extent of the drug's cognitive effects until he was arrested for money-laundering crimes in 2015.

In February 2017, Leschyshyn filed personal-injury lawsuits in federal and state courts. He brought one suit in federal court against AbbVie, alleging that his use of AndroGel triggered harmful compulsive behaviors that resulted in financial ruin and a criminal conviction that he now is serving. On the same day, he also brought a medical-malpractice suit in Arizona state court against the doctor who prescribed him AndroGel without warning him about its potential side effects. In both suits, Leschyshyn contended that, although he had been prescribed the drug in 2006, he qualified for an exception to the statute of limitations for people of unsound mind because the drug impaired his cognition and prevented him from discovering the link between the drug and his behaviors until his 2015 arrest. *See* Ariz. Rev. Stat. Ann. § 12-502 ("If a person … is at the time the cause of action accrues … of unsound mind, the period of disability shall not be deemed a portion of the period limited for commencement of the action.").

In the state-court lawsuit, an Arizona court entered summary judgment for the doctor, ruling that the state's two-year statute of limitations for personal injury actions barred Leschyshyn's claims. The court concluded that Leschyshyn had not produced sufficient evidence that he was of unsound mind to toll the limitations period from 2006 to 2015. *See Leschyshyn v. Patel*, No. 1 CA-CV 18-0402, 2019 WL 1276203, at *2 (Ariz. Ct. App. Mar. 25, 2019). As the court explained, Leschyshyn's complex financial fraud scheme reflected an "acute awareness of laws and how to avoid them." *Id.* at *3. The Arizona Supreme Court denied Leschyshyn's petition for review, and the United States Supreme Court denied his petition for a writ of certiorari.

In the federal lawsuit, the district court entered summary judgment for AbbVie on all claims. The court agreed with the state court's statute-of-limitations analysis, adding that Leschyshyn's tolling argument was barred by the doctrine of issue preclusion because he had already litigated this theory fully and unsuccessfully in his

state-court lawsuit. To the extent Leschyshyn could be understood to argue that he qualified for tolling because he did not discover his cognitive impairment until 2015, the court determined that this argument was legally indistinguishable from his "unsound mind" theory that the state court rejected.

On appeal, Leschyshyn challenges the district court's statute-of-limitations analysis and maintains that the statute did not begin to run until 2015, when he discovered that his erratic behavior was caused by his taking AndroGel. Arizona courts follow the discovery rule, under which the statute begins to run when the plaintiff "knows or with reasonable diligence should know the facts underlying the cause." *Doe v. Roe*, 955 P.2d 951, 960 (Ariz. 1998). He says that his delay in discovering the cause of his injury stemmed from the effects of the AndroGel in that it impaired his learning and caused him to disregard risks.

The district court properly rejected this argument on the grounds of issue preclusion. Under Arizona law, issue preclusion bars a plaintiff from relitigating an issue when the plaintiff had a full and fair opportunity to litigate the issue in a prior suit and actually litigated the issue; the court in the prior suit entered final judgment; and resolution of the issue was essential to that judgment. *See Crosby-Garbotz v. Fell in & for Cty. of Pima*, 434 P.3d 143, 146 (Ariz. 2019). As the court appropriately explained, Leschyshyn, despite fully litigating the issue through various levels of the state judicial hierarchy, was unsuccessful in advancing the same "unsound mind" theory in the Arizona state courts. He cannot escape the preclusive effect of the state-court judgment by relabeling his "unsound mind" theory as a discovery-rule theory.

Finally, we note that Leschyshyn also raises arguments on appeal about the merits of his tort action against AbbVie—namely that he should be entitled to a jury trial because no one at AbbVie warned him about AndroGel's potentially harmful side effects. But because we affirm the dismissal of this lawsuit as untimely, we do not reach the merits of his underlying claims.

AFFIRMED