NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KRISTI LATTIN, *Plaintiff/Appellant,*

*v.*

SHAMROCK MATERIALS, LLC, et al., *Defendants/Appellees.*

No. 1 CA-CV 22-0282
FILED 2-16-2023

Appeal from the Superior Court in Maricopa County
No. CV2020-004276
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Brier Irish & Hubbard, P.L.C., Phoenix
By Teresa H. Foster
*Counsel for Plaintiff/Appellant*

Sacks Tierney P.A., Scottsdale
By Patrick J. Van Zanen and Michael L. Kitchen
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Chief Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Angela K. Paton joined.

---

**C A T T A N I**, Chief Judge:

**¶1** Kristi Lattin appeals from the superior court's summary judgment in favor of Shamrock Materials, LLC, Diana Gignac, and Gignac's husband on Lattin's claims seeking return of $162,000 she contributed to Shamrock. For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** This is Lattin's second related lawsuit against Shamrock and the Gignacs. *See generally Lattin v. Shamrock Materials LLC*, No. 1 CA-CV 19-0761, 2020 WL 6140626 (Ariz. App. Oct. 20, 2020) (mem. decision). In mid-2005, Lattin, Gignac, and another woman organized Shamrock to procure and resell concrete and construction materials. *Id.* at *1, ¶ 2. Lattin was removed from membership in the LLC soon thereafter at her own request, and she instead entered a profit participation agreement ("PPA") with the others. *Id.* The PPA gave Lattin a one-third share of Shamrock's net profits and granted her a 10-year option to acquire a one-third membership interest in Shamrock for a nominal payment. *Id.* Gignac became the sole member of Shamrock in 2008, and the PPA was amended to provide Lattin a one-half share of Shamrock's net profits while leaving the option unchanged. *See id.* at ¶ 3.

**¶3** Over the years during which she held a profits (but not membership) interest, Lattin made capital contributions to Shamrock totaling $162,000. *Id.* at ¶ 4. Lattin exercised her option to acquire a membership interest in Shamrock in early 2016. *Id.* at ¶ 5. Although Shamrock's accountant had juggled the classification of Lattin's contributions between equity and debt over the years, the $162,000 was ultimately credited to her capital account as a member of Shamrock. *See id.* at ¶ 4.

**¶4** Lattin filed her first lawsuit against Shamrock and the Gignacs in 2017. *Id.* at ¶ 6. As relevant here, she asserted claims for breach of contract, unjust enrichment, and conversion, alleging that (1) she was

entitled to a one-half (not just a one-third) membership interest upon exercising the option, (2) she was entitled to a share of Shamrock's losses (as well as profits) under the PPA, and (3) Shamrock and Gignac had wrongfully withheld her share of profits (as well as losses). *See id.* at ¶ 6. Lattin's complaint noted her capital contributions over the years but did not seek reimbursement of those funds.

¶5        In the first lawsuit, the superior court granted Shamrock and the Gignacs judgment on the pleadings regarding Lattin's membership share, ruling that Lattin held a one-third membership interest. *Id.* The court later granted Shamrock and the Gignacs partial summary judgment regarding Lattin's rights under the PPA, ruling that the PPA granted her a share of profits only, not losses. *See id.* at ¶ 7.

¶6        Shamrock and the Gignacs then moved for summary judgment on all remaining claims on the basis that Shamrock had not generated any profits over the relevant period and Lattin had no evidence of unreasonable or improper expenditures diverting funds that should have been profits. *See id.* Lattin cited several transactions in response that she urged showed financial misconduct, including Shamrock's reclassification of her $162,000 in capital contributions from equity to debt then back to equity over the years. The court granted summary judgment on all but one minor issue not implicated here. *See id.* at ¶ 7. In so ruling, the court expressly addressed Shamrock's classification of Lattin's $162,000 contributions, determining that "Lattin now is a member of the LLC, so her contributions properly are treated as equity."

¶7        Less than three weeks before the date set for trial on the one remaining issue, Lattin filed two motions to amend the complaint. *Id.* at *2, ¶ 8. The first motion, which sought to add a claim for breach of fiduciary duty, was denied as untimely. *Id.* The second motion asked to amend the unjust enrichment claim to seek return of Lattin's $162,000 in capital contributions while dismissing any other remaining claims with prejudice. *Id.* The superior court again denied leave to amend, noting Lattin's undue delay in seeking amendment and finding Lattin's proposed amendment would be futile, in part, because the amendment "d[id] not point to an unjustified enrichment to Shamrock or Gignac" given that "[Lattin] contributed capital to the LLC, which is now booked as a capital contribution." *See id.* Lattin appealed, and we affirmed. *See id.* at *1, ¶ 1.

¶8        While the appeal from the first lawsuit was pending, Lattin filed this second lawsuit against Shamrock and the Gignacs seeking return of the $162,000 in capital contributions, asserting claims of unjust

enrichment, mutual mistake, and (in the alternative) negligent misrepresentation. After answering the complaint, Shamrock and the Gignacs moved for summary judgment based on claim preclusion, issue preclusion, and lack of evidence to prove at least one element of each count. Lattin filed a cross-motion for summary judgment, asserting that the ruling in the first lawsuit that she was not a member when making the capital contributions entitled her to judgment as a matter of law.

¶9 After full briefing, the superior court granted Shamrock and the Gignacs' motion and denied Lattin's cross-motion, stating that "[t]his case is obviously barred under collateral estoppel, *res judicata*, or perhaps both." The court entered judgment awarding Shamrock and the Gignacs over $55,000 in attorney's fees, and Lattin timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶10 Lattin challenges the superior court's assessment of both issue and claim preclusion, urging that her request for return of capital contributions was not and could not have been litigated in the first suit. We review the superior court's preclusion rulings de novo as questions of law. *Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon*, 252 Ariz. 264, 266, ¶ 8 (2022). Issue preclusion is dispositive here.

¶11 "[I]ssue preclusion[] applies when a fact 'was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it' and the fact 'was essential to the prior judgment.'" *Crosby-Garbotz v. Fell*, 246 Ariz. 54, 57, ¶ 11 (2019) (quoting *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986)). "[A]ctually litigated" means that the fact was "properly raised by the pleadings or otherwise, and is submitted for determination, and is determined." *Chaney Bldg. Co.*, 148 Ariz. at 573.

¶12 Here, each of Lattin's claims in the current suit seeks return of her $162,000 in capital contributions and thus necessarily depends on Shamrock's allegedly wrongful retention of the $162,000. But as an issue of fact, the appropriate disposition of Lattin's capital contributions—that "[Lattin] now is a member of the LLC, so her contributions properly are treated as equity" booked in her capital account—was actually litigated and determined in the first lawsuit.

¶13 Lattin's capital contributions were not *originally* core to her claims in the first case. Her complaint merely noted the capital

4

contributions totaling $162,000 without seeking reimbursement of those funds, instead suggesting that the contributions showed Lattin had always acted, and Shamrock had always treated her, as a member of the LLC. The capital contributions remained collateral to the first motion for summary judgment (regarding Lattin's asserted right to share in Shamrock's losses). During oral argument on that motion, Lattin's counsel relied on the capital contributions to argue (unsuccessfully) that, because Lattin acted like a member in contributing funds, she should likewise be entitled to a share of Shamrock's losses.

¶14 But the nature and disposition of Lattin's capital contributions was actually litigated as a then-minor but essential fact in the context of Shamrock and the Gignacs' second motion for summary judgment (addressing whether any unreasonable or improper expenditures diverted funds that should have been profits). Responding to the motion, Lattin raised Shamrock's reclassification of her $162,000 in capital contributions from equity to debt then back to equity as one factual basis to conclude that Shamrock had engaged in financial misconduct diverting potential profits. The court's ruling (which granted summary judgment except as to one now-irrelevant issue) expressly addressed Shamrock's classification of Lattin's $162,000 contributions and determined that "[Lattin] now is a member of the LLC, so her contributions properly are treated as equity."

¶15 The superior court reaffirmed this determination when ruling on Lattin's motion for leave to amend her unjust enrichment claim in the first suit to seek return of the capital contributions. There, the court observed that Lattin's proposed amendment would be futile, in part, because the amendment "d[id] not point to an unjustified enrichment to Shamrock or Gignac" given that "[Lattin] contributed capital to the LLC, which is now booked as a capital contribution." Although the fact only became essential to a ruling late in the case, it was nevertheless ultimately raised, submitted, and determined in the first lawsuit. *See id.*

¶16 Lattin argues that issue preclusion cannot apply because denial of leave to amend meant her claim for return of the capital contributions was never actually litigated. But issue preclusion turns not on adjudication of the overarching *claim* but rather on determination of a *fact* in issue. *See Circle K Corp. v. Indus. Comm'n*, 179 Ariz. 422, 425 (App. 1993); *Hawkins v. State*, 183 Ariz. 100, 103 (App. 1995). And Lattin does not dispute the court's finding that her $162,000 in capital contributions were properly credited to her capital account as a member of Shamrock. Rather, she highlights that, as a non-member at the time, she was not obligated to

make those contributions in the first instance.  But because her claims seek return of those funds, the now-determined fact that she received proper equity credit for those contributions as a member of Shamrock is dispositive.

¶17        Accordingly, we affirm the superior court's summary judgment ruling in favor of Shamrock and the Gignacs.  Because Lattin's only challenge to the superior court's award of attorney's fees depends on reversal of the summary judgment ruling, we affirm that award as well.

¶18        Shamrock and the Gignacs request an award of attorney's fees on appeal under the PPA and A.R.S. §§ 12-341.01 and -349, and Lattin seeks an award of fees on appeal under A.R.S. § 12-341.01(A).  Given the nature of Lattin's claims and arguments, and in an exercise of our discretion, we deny both requests.  As the prevailing parties, Shamrock and the Gignacs are entitled to an award of costs on appeal upon compliance with ARCAP 21. *See* A.R.S. §§ 12-341, -342(A).

## CONCLUSION

¶19        The judgment is affirmed.

