IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

In re the Matter of:

KERRY LYNN DAVIS, *Petitioner/Appellee,*

*v.*

NATHAN TRENT DAVIS, *Respondent/Appellant.*

No. 1 CA-CV 18-0037 FC
FILED 12-11-2018

_____

Appeal from the Superior Court in Maricopa County
No. FC2009-090062
The Honorable Kristin Culbertson, Judge

**AFFIRMED**

_____

COUNSEL

Ellsworth Family Law, P.C., Mesa
By Glenn D. Halterman, Steven M. Ellsworth
*Counsel for Respondent/Appellant*

---

**OPINION**

---

Presiding Judge Jennifer M. Perkins delivered the opinion of the Court, in which Judge Lawrence F. Winthrop and Chief Judge Samuel A. Thumma joined.

---

**P E R K I N S**, Judge:

¶1        Nathan Davis ("Father") appeals the superior court's order modifying legal decision-making, parenting time, and child support. Father contends that the court should not have admitted into evidence a report from the appointed advisor because she did not record her interviews with the children. Because Arizona Rule of Family Law Procedure ("ARLFP") 10 does not require such recordings and, in any event, Father failed to demonstrate prejudice resulting from the evidentiary ruling, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Father and Kerry Davis ("Mother") have two children (the "Children") for whom they exercised joint legal decision-making pursuant to a Decree of Dissolution of Marriage entered in 2010. In 2016, Mother petitioned for a modification of parenting time alleging on-going disagreements between Father and the Children. Mother later requested that a therapist evaluate the Children; Father disagreed about which therapist the Children should see.

¶3        The superior court appointed a Court Appointed Advisor ("CAA"), pursuant to Rule 10, to "submit a report setting forth the advisor's recommendations" after completing an independent investigation which could include interviews of the parties and the Children and a review of relevant records. The CAA interviewed Mother, Father, and the Children before issuing a 17-page written report, detailing those interviews and including a recommendation. At Father's request, the court issued a minute entry ordering the CAA to release her recordings of the Children's interviews. When the CAA responded that no such recordings existed, Father moved *in limine* to preclude the CAA's report and testimony, arguing that Rule 12 required the CAA to record the interviews with the Children and release the recordings to the parties. Because that did not happen, Father argued, the CAA's report and testimony were inadmissible. The court denied Father's motion, holding that Rule 10 governed and Rule 12 did not apply.

¶4          After an evidentiary hearing on Mother's petition, the superior court modified the existing orders regarding legal decision-making, parenting time, and child support. The court ordered that Mother have final decision-making authority for medical decisions but that the parties share joint legal decision-making authority in all other decisions. The court modified the parties' parenting time schedule to give Mother more time with the Children and accordingly modified the existing Child Support order. Father now appeals.

## DISCUSSION

¶5          Father argues that Rule 12 required the CAA to record any interview she conducted with either child and, because she did not, the superior court should have excluded the CAA's report and testimony. Moreover, Father argues that absent such recordings the superior court's orders should be vacated.

¶6          We review evidentiary rulings, including the denial of a motion *in limine*, for abuse of discretion, *Warner v. Southwest Desert Images, LLC*, 218 Ariz. 121, 133, ¶ 33 (App. 2008), and generally affirm "absent a clear abuse or legal error and resulting prejudice," *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cty.*, 208 Ariz. 532, 543, ¶ 33 (App. 2004). However, we review the application and interpretation of court rules *de novo*. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012). We interpret court rules according to their plain language where that language is clear and unambiguous. *Stout v. Taylor*, 233 Ariz. 275, 278, ¶ 11 (App. 2013).

¶7          Rule 10 provides, in relevant part, that the superior court "may appoint" a CAA and requires that the court "ensure that any" CAA appointed "has an opportunity to testify or submit a report setting forth[ the advisor]'s recommendations regarding the best interests of the child[ren]" and "the basis for the . . . recommendations." ARFLP 10(A)(1)(c); 10(E)(4). Although directing that the CAA shall "have immediate access to the child," *id.* at 10(D)(1), Rule 10 does not require a CAA to record such contact electronically or in any other fashion. In contrast, Rule 12 allows the court to "conduct an *in camera* interview with a minor child who is the subject of a legal decision-making or parenting time dispute to ascertain the child's wishes as to both." ARFLP 12(A). Rule 12 directs that "[t]he interview must be recorded by a court reporter or" by electronic means and that "[t]he record of the interview must be made available to the parties." *Id.*

¶8        Rule 10's plain language applies to CAAs, while Rule 12's plain language applies to court interviews of a child. Father identifies no authority that imports Rule 12's requirements into Rule 10. Instead, Father argues that, as with a court interview under Rule 12, any child interview conducted by a CAA must be recorded in order to allow rebuttal of the CAA's report. Father also argues CAA's are included within the definition of "court" under Rule 12(C) and are therefore required to record any child interview they conduct in the course of their Rule 10 investigation.

¶9        "As used in [Rule 12], 'court' includes any Conciliation Services department, agency or other third-party professional ordered by the assigned judge to conduct a child interview pursuant to Ariz. Rev. Stat. § 25-405 or the Arizona Rules of Family Law Procedure." ARFLP 12(C) (2016). While this broad definition could be construed to include CAA's within the term "court," the definition is explicitly limited to the usage of "court" in Rule 12 and applies only to third-party professionals ordered to conduct a child interview "to ascertain the child's wishes as to the child's custodian and as to parenting time." Ariz. Rev. Stat. ("A.R.S.") § 25-405; *see also* ARFLP 12. Thus, Rule 12 allows a court, if it so chooses, to ascertain the child's wishes with respect to parenting time through a direct interview conducted by the court itself or by a qualified third-party as ordered by the court consistent with A.R.S. section 25-405. ARFLP 12. In contrast, an appointed CAA must conduct an investigation and submit a report to the court containing the CAA's recommendations. ARFLP 10(C), (E)(3)–(5). The report may be introduced at trial and the CAA may be called to testify. ARFLP 10(E)(4). Nothing in Rule 10 or 12 indicates that a Rule 10 CAA appointment or report is subject to the requirements applicable to a Rule 12 court interview. *Compare* ARFLP 10 *with* ARFLP 12.[1] The superior court did not err in rejecting Father's motion *in limine*, finding that Rule 12 did not govern.

¶10        Even assuming the CAA was required to record her interviews with the Children, Father fails to show resulting prejudice. Although Father claims prejudice by the admission of the CAA report, the

---

[1] Subsequent to the superior court proceedings in this case, the Arizona Supreme Court modified the Arizona Rules of Family Law Procedure to expressly exclude CAAs from the definition of "Court." ARFLP 12(b) (effective January 1, 2019). Recognizing that change is not yet effective, it further demonstrates the requirements of court interviews under Rule 12 do not apply to CAAs under Rule 10. *See* 2018 Arizona Court Order 0023 (noting that the January 1, 2019 amendments primarily serve to restyle and clarify the existing rules).

record indicates the superior court considered numerous items of evidence before making its decision on Mother's petition. Indeed, the court did not simply adopt the recommendations of the CAA report. Rather, the court issued new orders based on the evidence adduced at the evidentiary hearing. In many areas, the court issued orders contrary to the CAA's recommendations by refusing to order additional therapy, granting Mother final medical care decision-making authority, and changing the parenting time schedule. Accordingly, Father has shown no "resulting prejudice." *John C. Lincoln Hosp.*, 208 Ariz. at 543, ¶ 33; *see also* ARFLP 86 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.")

**CONCLUSION**

**¶11**         For the foregoing reasons, we affirm the ruling of the superior court. Pursuant to Arizona Rule of Civil Appellate Procedure 21, Father is not entitled to an award of costs. In our discretion, we decline to award Father his attorney fees.

