NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

NOREEN ANN COHEN, *Petitioner/Appellant*,

*v.*

HAROLD MARVIN COHEN, *Respondent/Appellee*.

No. 1 CA-CV 18-0185 FC
FILED 6-18-2019

Appeal from the Superior Court in Maricopa County
No. FN2016-053152
The Honorable Adam D. Driggs, Judge

**AFFIRMED**

COUNSEL

Horne Slaton, PLLC, Scottsdale
By Sandra Slaton, Matthew J. Monaco
*Counsel for Petitioner/Appellant*

Law Office of Scott E. Boehm, P.C., Phoenix
By Scott E. Boehm
*Counsel for Respondent/Appellee*

Jensen Schmidt McElwee & Gordon, PLLC, Phoenix
By Paul G. Schmidt
*Counsel for Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

_____

**P E R K I N S**, Judge:

¶1        Noreen Cohen ("Wife") appeals the denial of her motion for new trial after entry of the decree in her dissolution action against Harold Cohen ("Husband"). For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2        We view the evidence in the light most favorable to upholding the trial court's orders and will affirm those orders if there is any reasonable evidence to support them. *Mitchell v. Mitchell*, 152 Ariz. 317, 323 (1987); *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012). Wife and Husband married in March 1988 and share no minor children. Wife filed for dissolution in October 2016. The parties later settled a number of property division issues by agreement pursuant to Arizona Rule of Family Law Procedure ("ARFLP") 69 (2018). To resolve their remaining issues, the parties stipulated to the appointment of Joseph Zarzynski as mediator, pursuant to ARFLP 67, and, if necessary, as family law master, pursuant to ARFLP 72.

¶3        After the trial court appointed Zarzynski pursuant to the stipulation, Wife retained new counsel and moved for clarification regarding Zarzynski's role. In August 2017, the trial court held a status conference at which Wife renewed her request for clarification and suggested the court appoint one person as mediator under ARFLP 67 and a different person as family law master under ARFLP 72. Husband objected, and the court, noting that it had already signed a stipulated order appointing Zarzynski to serve in both roles, as necessary, declined to vacate its order.

¶4        After mediation failed, Zarzynski held a three-day hearing, then issued his report on December 8, ordering the disposition of property and a limited award of spousal maintenance, and declining to award either party attorneys' fees.

¶5        Wife requested an award of $44,000 per month in spousal maintenance for an indefinite period. Relevant to her request, Zarzynski

found that "the parties enjoyed a high standard of living" during their marriage and that "[a]ny limitations on their spending were self-imposed." Zarzynski further found that the parties had a marriage of long duration, spanning over 28 years, that Wife stopped working outside the home to care for the parties' common child, and that neither Wife, age 67 at the time of the report, nor Husband, age 80 at the time of the report, should be required to continue working. Zarzynski found that Husband and Wife each possess "substantial wealth." As Zarzynski found, Husband's estate is worth approximately $18 to $20 million and, excluding her half of the proceeds from the anticipated sale of the marital home, Wife has approximately $2.9 million in investment and retirement accounts. Wife's Affidavit of Financial Information ("AFI") listed her reasonable monthly expenses at $12,832.00 per month. Zarzynski additionally found that Wife had full medical insurance and that her AFI included "house maintenance."

¶6            Zarzynski concluded that Wife qualified for spousal maintenance under Arizona Revised Statutes ("A.R.S.") § 25-319(A) and ordered Husband to pay $3,5000 per month in maintenance until the former marital home, in which Wife continued to live, could be sold. Zarzynski ordered that proceeds of the sale of the home be divided equally between the parties. The unencumbered home was then listed for $3.8 million. Zarzynski estimated that Wife's share of the sale proceeds would be $1.5 million. Finally, in declining to award attorneys' fees, Zarzynski found that Wife had been unreasonable by interfering with the sale of the home and in asking for $44,000 per month in spousal maintenance.

¶7            Neither party timely objected to Zarzynski's report. ARFLP 72(f)(1) (parties must object no later than 15 days after report is mailed). On February 3, 2018, well after the time to file an objection had passed, Wife filed an objection to Zarzynski's report and a motion for new hearing before the trial court. The court approved and adopted the report two days later. On February 20, Wife filed a motion for new trial. The court denied the motion for a new hearing and granted Husband's motion to dismiss Wife's motion for a new trial. Wife now appeals.

## DISCUSSION

¶8            At issue on appeal is whether the trial court abused its discretion in denying Wife's motion for a new trial. *See Kent v. Carter-Kent*, 235 Ariz. 309, 312, ¶ 13 (App. 2014) (motion for new trial reviewed for an abuse of discretion). When reviewing for abuse of discretion, we will generally affirm "absent a clear abuse or legal error and resulting prejudice." *Davis v. Davis*, 246 Ariz. 63, 65, ¶ 6 (App. 2018) (citation

omitted). The trial court has considerable discretion in granting or denying motions for a new trial. *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009). We review legal issues, including the interpretation of statutes, *de novo*. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012).

**¶9**         Initially, Wife contends that the trial court dealt improperly with her February 20th motion for new trial by "dismissing" it. Specifically, Wife contends that by "dismissing" rather than "denying" her motion for a new trial, the court failed to consider the motion on the merits and acted without authority. In its order dismissing Wife's motion for a new trial, the court noted that it had previously denied Wife's February 3rd motion for a new hearing, filed in a consolidated brief that also contained Wife's untimely objections to Zarzynski's report.

**¶10**         Wife's earlier motion for a new hearing was substantially similar to her motion for a new trial and requested the same relief: To retry those issues Zarynski had decided against her. By granting Husband's motion and "dismissing" Wife's motion, the court effectively denied Wife's request for a new trial. The court's use of the term "dismissed" rather than "denied" does not compel a different result. *See Associated Aviation Underwriters v. Wood*, 209 Ariz. 137, 179, ¶ 147 (App. 2004) (quoting *Guinn v. Schweitzer*, 190 Ariz. 116, 119 (App. 1997)) (we "disfavor hypertechnical arguments" and "prefer to dispose of cases on their merits").

**¶11**         In Wife's motion for new trial, she argued: (1) that Zarzynski could not serve as both mediator and family law master; (2) the lack of a transcript prejudiced her; (3) the spousal maintenance award was contrary to law; (4) Zarzynski erred in declining to award attorneys' fees; and (5) the court should order a hearing pursuant to *Sharp v. Sharp* on the parties' 2016 agreement. 179 Ariz. 205 (App. 1994); ARFLP 69. As further explained below, the trial court did not abuse its discretion in denying the motion for new trial.

## I.      Propriety of the Family Law Master Proceedings

**¶12**         Wife argues the confidentiality requirements of mediation under ARFLP 67 necessarily preclude a mediator from also serving as a family law master under ARFLP 72. Specifically, ARFLP 67 precludes a mediator from conducting "any other form of dispute resolution process in the same case, **unless agreed to by the parties and approved by the court.**" ARFLP 67(A) (emphasis added). Here, the record reflects, and Wife concedes, that the parties agreed to have Zarzynski serve as both mediator and family law master, and the court approved their agreement. That Wife

later thought better of that arrangement is not a valid ground to abrogate an order to which the parties stipulated. Thus, the trial court did not abuse its discretion in upholding the initial stipulated order in the absence of a subsequent joint stipulation.

¶13 Wife next contends the lack of a hearing transcript of the proceedings before the family law master deprived her of due process of law. As Wife concedes, ARFLP 72 provides that "**[w]hen a party requests,** the master shall cause a record to be made of the evidence offered and excluded . . . ." ARFLP 72 (emphasis added). Neither party requested a record, and Zarzynski was not required to make a record absent a request. Having failed to ask the family law master to make a record, Wife cannot complain about its absence.

¶14 Lastly, Wife argues the trial court erred as matter of law in adopting Zarzynski's report because the report did not comply with ARFLP 72(E). As relevant here, ARFLP 72(E) requires a family law master to submit a report along with "any transcript of the proceedings prepared and with the evidence and original exhibits presented." ARFLP 72(E) (2018). Wife argues Zarzynski failed to include the transcript and hearing exhibits with his report, but does not explain how this prejudiced her case. *See Davis*, 246 Ariz. at 65, ¶ 6. Thus, the court did not err in declining to grant a new trial based on the alleged non-compliance with ARFLP 72(E).

## II.     Spousal Maintenance Determination

¶15 Wife contends the trial court abused its discretion in refusing to overturn the family law master's decision "awarding spousal maintenance in an amount of zero." Wife argues the ruling disregarded this Court's direction in *Gutierrez v. Gutierrez* by effectively requiring her to exhaust her retirement funds for daily living. 193 Ariz. 343, 348, ¶ 18 (App. 1998). Wife further argues the master abused his discretion by failing to award spousal maintenance because § 25-319(B)'s statutory factors weigh in favor of an award of spousal maintenance.

¶16 Wife's AFI listed her reasonable expenses at $12,832 per month. Wife has an estate of approximately $2.9 million and will receive, in addition, one half of the proceeds from the sale of the former family home, which Zarzynski estimated would bring her $1.5 million. In deciding that spousal maintenance would terminate once the home sold, Zarzynski found that Wife, then 68, could maintain herself financially by drawing on those assets for the duration of her life.

¶17            In *Gutierrez*, we held that "a court need not require a spouse to exhaust a retirement account" to support herself. 193 Ariz. at 348, ¶ 18. This statement, however, must be considered in context. The wife in *Gutierrez* was 49 at the time of dissolution and had only $124,000 in liquid assets, mostly in the form of a retirement account. *Id.* at ¶¶ 17–18. Here, Wife has approximately $2.9 million in assets, is 68, and will receive some $1.5 million in additional cash from the sale of the former marital home. Under these circumstances, a court does not err by considering a retirement account when it decides whether to award support. The master reasonably concluded Wife reached an age at which she would draw upon retirement assets regardless of the dissolution. *See* 42 U.S.C. § 416(l)(2) (defining "early retirement age" as 62). Thus, the court did not abuse its discretion in declining to apply *Gutierrez* given the factual distinctions here.

¶18            Similarly, the court did not abuse its discretion in declining to adopt Wife's arguments concerning the factors listed in § 25-319(B). Although several of the factors weigh in favor of some award of spousal maintenance, as the family law master found, Wife has substantial assets of her own. Viewed from that perspective, we cannot say the order awarding Wife $3,500 per month until the former marital residence is sold was an abuse of discretion. Section 25-319(B) requires spousal maintenance "in an amount and for a period of time as the court deems just . . . after considering all relevant factors." A.R.S. § 25-319(B). In making his ruling, Zarzynski exhaustively detailed each of the statutory factors. His findings support his conclusion, and the trial court did not abuse its discretion in declining to overturn that conclusion.

## III.    Attorneys' Fees

¶19            Wife argues the trial court erred in declining to overturn the master's order rejecting her request for attorneys' fees, asserting Husband has superior financial resources and that she took reasonable positions at trial. In a dissolution matter, the court may award attorneys' fees and costs "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A).

¶20            As we have previously noted, Wife requested an award of spousal maintenance in the amount of $44,000 per month, for the rest of her life, despite filing an AFI that listed her reasonable expenses at only $12,832 per month. In addition, Zarzynski found Wife interfered with the sale of the former marital home by making numerous unreasonable demands. To be sure, Husband has significantly greater financial resources than Wife.

However, Wife also enjoys substantial financial resources and nothing in the record indicates she lacked "the proper means to litigate the action." *See Countryman v. Countryman*, 135 Ariz. 110, 111 (App. 1983) (discussing the purpose of an award of attorneys' fees in dissolution proceedings). Accordingly, the trial court did not abuse its discretion in declining to overturn Zarzynski's order that the parties would bear their own costs and fees.

## IV.    2016 ARFLP 69 Agreement

**¶21**        Wife argues the court was required to order a hearing pursuant to *Sharp v. Sharp* in order to independently determine the propriety of the parties' 2016 agreement. *Sharp* has been superseded by ARFLP 69, which creates a presumption that agreements pursuant to ARFLP 69 are fair. *Hutki v. Hutki*, 244 Ariz. 39, 43, ¶ 18 (App. 2018); *see also Sharp*, 179 Ariz. at 210. Moreover, the trial court is not required to hold a hearing to independently determine the fairness of an ARFLP 69 agreement under A.R.S. § 25-317(B) or *Sharp*. *Hutki*, 244 Ariz. at 40, ¶ 1. Thus, the trial court did not abuse its discretion in declining to hold a hearing on the agreement.

## CONCLUSION

**¶22**        We affirm the trial court's denial of Wife's motion for new trial.



AMY M. WOOD • Clerk of the Court
FILED:  AA