NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

CHRISTOPHER JOHNSON,
*Petitioner/Appellant*,

*v.*

KIMBERLY JOHNSON,
*Respondent/Appellee*.

No. 1 CA-CV 20-0175 FC

FILED 1-7-2021

Appeal from the Superior Court in Maricopa County
No. FC2015-095306
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Christopher Johnson, Gilbert
*Petitioner/Appellant*

Suzette Lorrey-Wiggs PC, Tempe
By Suzette Belle Lorrey-Wiggs
*Counsel for Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

_____

**W E I N Z W E I G**, Judge:

¶1 Christopher Johnson ("Father") appeals the superior court's post-decree modification of joint legal decision-making, parenting time and child support terms. Because no error is shown, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Father and Kimberly Johnson ("Mother") were married for several years and share a minor daughter ("Daughter"), born in 2004. They divorced in 2018. The superior court entered a consent decree to memorialize their dissolution agreement, which included joint legal decision-making authority, equal parenting time, a 5-2-2-5 parenting time schedule, and no child support.

¶3 Soon after, in September 2018, Father had a serious argument with Daughter about a school dance and his parenting time all but vanished. Around a year later, Father petitioned the superior court to (1) enforce the consent decree and order parenting time, and (2) enter a temporary order modifying parenting time to a week-on/week-off schedule. The court declined to modify parenting time temporarily, but encouraged communication between Father and Daughter while setting an evidentiary hearing over parenting time for late January 2020. Father followed with an amended petition. Although Mother did not formally respond to Father's petition or amended petition, her prehearing statement covered the issues, including parenting time, legal decision-making and child support.

¶4 After the evidentiary hearing, the court ordered Mother and Father to continue joint legal decision-making, but granted Mother final authority to decide if and when the parties cannot agree. The court also (1) directed Father to participate in counseling with Daughter, and (2) modified parenting time so Father had two hours per week, gradually increasing over a ten-month period and culminating in Father exercising parenting time on alternating weekends and holidays. And the court

modified child support to reflect the new parenting time schedule. Father timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.      Parenting Time

**¶5**          Father argues the superior court abused its discretion and violated his due process rights when it decreased his parenting time sua sponte. Due process claims present legal issues for our de novo review. *Mack v. Cruikshank*, 196 Ariz. 541, 544, ¶ 6 (App. 1999). We review the parenting time modification for an abuse of discretion. *Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15 (App. 2013).

**¶6**          The record indicates no error. Father contends the court violated his due process rights when it considered whether to reduce his parenting time because Father had not sought such relief. "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Curtis v. Richardson*, 212 Ariz. 308, 312, ¶ 16 (App. 2006). At minimum, however, the record shows that Mother raised the issue in her prehearing statement. Indeed, Mother asked the court to pause Father's parenting time altogether until he attended counseling.

**¶7**          Beyond that, the court's modified order reflected Father's input, including his testimony that an immediate return to equal parenting time was not in Daughter's best interest and instead suggesting he "slowly" be reintroduced through counseling. The superior court then clarified: "[I]f I understand you correctly, you're asking for some kind of a gradual transition either through counseling, or through, like, limited periods of time—you see her a couple times a week for an hour, whatever, until they're—and counseling so that it slowly gets built up." Father answered "yes."

**¶8**          Father also argues the evidence did not support the court's modification and contends he would have introduced more evidence if he known a reduction in parenting time was possible. But the promised evidence would only show communication between Father and Daughter after September 2018, which the superior court accepted as true. Father shows no prejudice. *See Volk v. Brame*, 235 Ariz. 462, 470, ¶ 26 (App. 2014) ("Due process errors require reversal only if a party is thereby prejudiced.").

**¶9**      Father also challenges the court's exclusion of written communications, which we review for an abuse of discretion. *Davis v. Davis*, 246 Ariz. 63, 65, ¶ 6 (App. 2018) (evidentiary rulings are reviewed on appeal for an abuse of discretion and resulting prejudice). Father has shown no abuse of discretion or prejudice. The communications in the excluded exhibits predated the consent decree and thus held questionable relevance to the modification issues raised months after the entry of the decree.[1]

## II.      Legal Decision-Making

**¶10**      Father contends the superior court erroneously modified the consent decree to recognize Mother as sole legal decision-maker. The court continued joint legal decision-making authority, however, only recognizing ultimate authority in Mother when the parties could not agree. And the Arizona Supreme Court has recognized that courts may "provide for joint legal decision-making [under A.R.S. § 25-401(2)] with one parent having final authority over certain matters." *Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶¶ 13, 16-17 (2019).

**¶11**      Father also challenges the record basis for the court's designation of Mother as the final voice. But Father does not account for evidence that Mother and Father had trouble communicating and making joint decisions, all of which supported the superior court's finding that Mother and Father "are unable to communicate in any effective manner at all." The record shows that Mother and Father could not even arrange routine dental appointments or share health insurance information. The court did not abuse its discretion by awarding final authority to Mother.

## III.      Child Support

**¶12**      Father argues the superior court erroneously awarded child support to Mother in violation of his due process rights, stressing that nobody asked for child support. We review for an abuse of discretion. *Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 7 (App. 2015).

---

[1]      Father also argues the superior court should have held Mother in contempt, but the denial of a petition for contempt is not appealable, *Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 35 (App. 2001). And because Father did not develop the argument with record or legal citations, we will not exercise our discretion hear the issue as a special action.

**¶13** Father was not deprived of due process. Arizona law empowered the superior court to revisit child support after and based on its modifications to parenting time. A.R.S. § 25-403.09(A); *Heidbreder v. Heidbreder*, 230 Ariz. 377, 379-80, ¶¶ 7, 9 (App. 2012). And Father had "adequate notice and a meaningful opportunity to be heard" on child support issues. *Id.* at 381, ¶ 13. Indeed, Father himself petitioned the court to modify the child support order so that Mother paid support to Father. Mother's prehearing statement also identified child support as a contested issue and sought an increased amount of child support. Thus, Father had notice that modification of child support was at issue.

**¶14** Father also argues the child support order hinges on incomplete evidence. He contends Mother's financial affidavit did not include her last three tax returns or show income from her second job and maintains he did not offer evidence of Mother's income because he was not aware child support modification was at issue. But again, Father had adequate notice and never offered such evidence. Nor did Father argue at the hearing that Mother had undisclosed income from a second job. He cannot raise this argument for the first time on appeal. *Bobrow v. Bobrow*, 241 Ariz. 592, 597, ¶ 23 (App. 2017). The court did not abuse its discretion in modifying the child support order based on the new parenting time orders.

**CONCLUSION**

**¶15** We affirm the superior court's modification order. After considering the reasonableness of the parties' positions and their financial resources, we exercise our discretion to award Mother her attorney fees and costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See* A.R.S. §§ 25-324(A); 12-342(A).

