NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

ERICA LYNN GONANI, *Petitioner/Appellee,*

*v.*

FRANK KONDWANI GONANI, *Respondent/Appellant.*

No. 1 CA-CV 22-0187 FC
FILED 12-8-2022

Appeal from the Superior Court in Maricopa County
No. FC2015-070314
The Honorable Stasy D. Avelar, Judge

**VACATED IN PART; AFFIRMED IN PART**

APPEARANCES

Erica Lynn Gonani, El Mirage
*Petitioner/Appellee*

Frank Kondwani Gonani, Surprise
*Respondent/Appellant*

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge Randall M. Howe joined.

**W I L L I A M S**, Judge:

¶1        Frank Gonani ("Father") appeals the superior court's order enforcing spousal maintenance, as well as modifying parenting time and child support. For the following reasons, we vacate in part and affirm in part.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Erica Gonani ("Mother") and Father have two minor children. In 2015, Mother petitioned the superior court for a divorce. As part of its temporary orders, the court awarded Mother "a short term award of spousal maintenance." When the parties divorced in 2016, Mother withdrew her request for spousal maintenance and no additional award was given. The court awarded Mother and Father equal parenting time and ordered Father to pay Mother monthly child support.

¶3        In 2021, Mother petitioned the superior court to 1) enforce its temporary spousal maintenance award and 2) modify parenting time and child support. Mother also requested an order that Father "refrain from . . . name calling."

¶4        At the beginning of trial, Father asked the court for a continuance because Mother had not provided him with various documents. The court determined the documents were "not relevant" to the trial and denied Father's motion to continue.

¶5        After trial, the court reduced Father's parenting time to three days each week during the school year (Thursday evening through Sunday evening) and equal time during the summers (alternating weeks with Mother). The court increased Father's child support obligation to account for Father's reduction in parenting time and ordered Father to "pay no less than $500 per month" for spousal maintenance arrears. As for Father's "name calling," the court ordered Father to use a third-party business "for all communication with Mother [to] address his inappropriate communication styles." The court further directed both parties to "be

respectful in their tone" and refrain from use of any "profanities or expletives," including "substitutes" for the same.

**¶6**          Within days, Father petitioned the court to modify its orders. The court refused. Father then moved for a new trial and for a change of judge. Again, the court refused. This appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

*I.      Spousal Maintenance*

**¶7**          We review spousal maintenance awards for an abuse of discretion. *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9 (App. 2007). Whether a temporary spousal maintenance award is enforceable after a final divorce decree is entered, however, is a question of law we review de novo. *See Alley v. Stevens*, 209 Ariz. 426, 428, ¶ 6 (App. 2004).

**¶8**          Father contends the superior court erred in enforcing a temporary spousal maintenance award. We agree. Under Arizona Rule of Family Law Procedure 47(j)(1)[1], temporary orders "are enforceable as final orders but terminate and are unenforceable . . . following entry of a final decree, judgment, or order, unless that final decree, judgment, or order provides otherwise." Arizona Revised Statute § 25-316(D)(4)[2] similarly provides that "[a] temporary order . . . [t]erminates when the final decree is entered . . . ."

**¶9**          In 2015, the court ordered Father to pay Mother $500 monthly in spousal maintenance for eight months. The order was a temporary order. Father never paid Mother the monthly award (or at least failed to pay the bulk of it). In 2016, the court issued its final divorce decree. In it, the court stated that "Mother has withdrawn her request for spousal maintenance," and did not award either party spousal maintenance. The court did not otherwise address the temporary award. Had the court intended the temporary award to become a final award, it could have stated so in the

---

[1] We cite the current version of the Rule. The Rule in effect at the time of the 2016 divorce decree, however, was identical.

[2] We cite the current version of the statute. The prior version, § 25-313(F)(4)(2016), contained the same language applicable here.

decree. But it did not. The temporary order, therefore, became "unenforceable." Ariz. R. Fam. Law. P. 47(j)(1).

**¶10** Because the decree did not address the temporary award, and Mother did not appeal from or otherwise seek relief from the final decree, the superior court abused its discretion by enforcing Father's spousal maintenance arrears (including interest). *See Valencia v. Valencia*, 1 CA-CV 19-0224, 2020 WL 1522820, at *2, ¶ 11 (Ariz. App. Mar. 31, 2020) (mem. decision); *see also Moncur v. Moncur*, 1 CA–CV 14–0320, 2015 WL 1395296, at *2, ¶10 (Ariz. App. Mar. 24, 2015) (mem. decision). We vacate the court's award.

## II.  *Evidentiary Rulings, Parenting Time, and Child Support*

**¶11** Father also argues the superior court erred by refusing to admit into evidence documents he wanted to offer after trial and by believing Mother's testimony at trial. He further contends the court erred in modifying his parenting time (including ordering the parties to communicate with each other through a third-party business) and child support obligation (including modifying the years he can claim either child for tax purposes).

**¶12** We review evidentiary rulings for an abuse of discretion, *Davis v. Davis*, 246 Ariz. 63, 65, ¶ 6 (App. 2018), deferring to the trial court's determination of witness credibility and the weight to give conflicting evidence, *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶13 (App. 1998). We similarly review parenting time and child support orders for an abuse of discretion. *See Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003).

**¶13** Father's opening brief does not appropriately cite to the record, nor does he provide sufficient legal authority to support his arguments. ARCAP 13(a)(7)(A); *In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013) (holding that arguments on appeal not supported by adequate explanation, citations to the record, or legal authority are waived).  Father's brief routinely invites this court to "listen to the recording" but provides little more direction where in the record he'd like this court to look. ARCAP 13(a)(7)(A) (requiring arguments on appeal to contain "supporting reasons for each contention, and with . . . appropriate *references to the portions of the record on which appellant relies*"). (Emphasis added).

**¶14** Further, Father has provided no transcript of the trial. *See* ARCAP 11(c)(1)(B) (when an Appellant "contend[s] on appeal that a judgment, finding or conclusion, is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record

transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion"); *see also Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010) (noting that an appellant bears the burden of ensuring that the record on appeal contains all transcripts necessary). In the absence of a transcript, this court presumes the missing record supports the superior court's ruling. *Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005).

*III.    Attorney's Fees on Appeal*

**¶15**        Father requests his attorney's fees and costs on appeal. However, self-represented litigants cannot recover attorney's fees in Arizona. *Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC*, 235 Ariz. 125, 126-27, ¶ 5 (App. 2014). Each party is responsible for their own costs on appeal.

**CONCLUSION**

**¶16**        We vacate the superior court's enforcement of its temporary spousal maintenance award (including interest) but affirm the remainder of the court's order.

